T.C. Memo. 1997-494


UNITED STATES TAX COURT


GEORGE H. AND EVELYN G. COOPER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5574-96.                    Filed November 3, 1997.


        On the facts, <u>Held</u>: (1) Ps have not established
that they are entitled to deduct on their 1987 Federal
income tax return ordinary and necessary business
expenses in excess of the amount allowed by R; and (2)
petitioners are liable for the late filing addition to
tax under sec. 6651(a)(1), I.R.C.


George H. Cooper, pro se.

<u>Roberta D. Repasy</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

NIMS, Judge:  Respondent determined a deficiency in petitioners' Federal income tax for 1987 in the amount of $14,367, and an addition to tax for that year under section 6651(a)(1) in the amount of $3,204.

All section references are to sections of the Internal Revenue Code in effect for 1987, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions, the issues remaining for decision are (1) whether petitioners are entitled to deduct certain alleged business expenses incurred by George H. Cooper (petitioner) in excess of $18,869, the amount allowed by respondent, and (2) whether petitioners are liable for the late filing addition to tax under section 6651(a)(1).  (The limitation on the amount of petitioners' claimed Schedule A miscellaneous itemized deductions is a mechanical adjustment; the allowable amount of such deductions will be calculated under Rule 155, using the amount of petitioners' adjusted gross income determined as a result of this proceeding.  The amount of self-employment tax due on the income that petitioner received from Con Tex, Inc., is also a mechanical adjustment, the amount of which will also be calculated under Rule 155.)

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

Petitioners resided in London, England, when they filed their petition.  From July through December 1987, petitioner performed services as an independent contractor for Con Tex, Inc. The stubs detached from the checks for services which petitioner received from Con Tex, Inc., reveal that of the total amount petitioner received from July 13, 1987, to December 16, 1987, $18,485 represented reimbursed expenses.  In addition, of the $2,784 petitioner received on December 30, 1987, $384 represented reimbursed expenses.  Thus, petitioner's expense reimbursement from Con Tex, Inc., totaled $18,869.

OPINION

In an opening statement preceding his testimony, petitioner represented to the Court that he was engaged by Con Tex, Inc., as a "contract worker" in connection with a contract that Con Tex, Inc., had with Ford Motor Company (Ford) to introduce certain systems and procedures to Ford.  Petitioner stated that Con Tex, Inc., was terminated by Ford after 7 months, and that both he and Con Tex, Inc., ended up losing money.

Petitioner testified that, insofar as his services as a contract worker were concerned, Con Tex, Inc., agreed to reimburse him for air fares and accommodations that he "would

incur along the way", but that he was expected to pay some of his own expenses in anticipation of further contracts.  The parties agree that petitioner incurred expenses of $18,869 for which he was reimbursed, and that the $18,869 is included in the agreed upon $46,229 which petitioner received from Con Tex, Inc., in 1987.  Thus, the net income which petitioner received from Con Tex, Inc., totaled $27,360.  Neither the $46,229, the $18,869, nor petitioner's relationship with Con Tex, Inc., is disclosed on petitioners' 1987 return.

Petitioners claim that they are entitled to deduct as ordinary and necessary business expenses amounts in excess of the $18,869 reimbursement falls short in at least two respects:  (1) Petitioners have failed to show that any such excess expenditures were ordinary and necessary expenses incurred in a trade or business, and (2) they have failed to substantiate the amount of any such excess.  Petitioner's testimony that he was expected to pay some of his own expenses over and above those for which he was reimbursed is vague and self-serving and wholly unsupported by any other credible evidence.

Section 162(a) permits a deduction for the ordinary and necessary expenses paid or incurred during the tax year in carrying on a trade or business.  Such expenses must be ordinary and necessary in the conduct of the taxpayer's business and

directly attributable to such business.  The term does not include nondeductible personal, living, or family expenses. Section 1.162-17(a), Income Tax Regs.  In addition, expenses paid or incurred for travel, entertainment, and meals are not deductible unless substantiated by adequate records or corroborating evidence of (1) the amount of the expense, (2) the time and place of travel or entertainment, (3) the business purpose of the expense, and (4) the business relationship to the taxpayer of the beneficiary of the expense.  Section 274(d).

Petitioner submitted various documents purporting to substantiate his claimed excess expenses.  In addition, he submitted several "summaries" of his expenses.

The documents and summaries submitted by petitioner and the testimony he presented at the time of trial fail to substantiate his claimed excess expenses.  Indeed, although petitioner testified that he kept "meticulous" records, he stated that one of the summaries he prepared from these records was a "probable" chronology of the travel he undertook on behalf of Con Tex, Inc. He also admitted that not all of the documents he submitted in support of his claimed deductions pertained to his work for Con Tex, Inc.

Furthermore, at least one of the airline itineraries submitted by petitioner pertains to travel by petitioner's wife,

Evelyn Cooper. Petitioner admitted that this travel was not related to his work for Con Tex, Inc. In addition, a ticket for travel in February 1987 submitted by petitioner does not relate to petitioner's work for Con Tex, Inc., since he did not even begin such work until July 1987. Therefore, petitioner's records were not precise, as he maintains, and are not reliable.

Furthermore, despite petitioner's mischaracterized meticulous record keeping, the various summaries he prepared from his records each set forth a different amount of his alleged expenses.

For example, a spreadsheet allegedly prepared by petitioner to assist his return preparer with the preparation of petitioners' 1987 tax return purports to show that petitioner incurred expenses of $37,382 relating to his work with Con Tex, Inc. (this summary also purports to show that petitioner was reimbursed $31,992 for such expenses).

By contrast, a summary of expenses prepared by petitioner, and presented to the examining agent in this case, states that petitioner incurred business expenses totaling $43,579 relating to his work with Con Tex, Inc., during the 1987 tax year.

A third summary purporting to show the expenses incurred by petitioner, and which allegedly takes into account amounts set forth on documents included within several exhibits prepared by

petitioner, states that petitioner incurred $25,748 in expenses during the 1987 tax year, yet the amounts set forth on the documents total only $17,921.96.

Finally, a summary prepared by petitioner for purposes of the trial of this case (and about which petitioner testified that it was a "probable chronology" of his business travel during the 1987 tax year), reports that petitioner incurred business expenses totaling $27,536 during the 1987 tax year.

When asked which of these amounts was accurate, petitioner stated that "the actual expenses that I incurred is none of these. These are different treatments of information at the time that I was asked to provide information." If petitioner is unable to accurately determine the amount of his expenses for the 1987 tax year, he cannot expect the Court to do so from the jumble of data he has submitted.

Petitioner has also failed to show that the claimed expenses were ordinary and necessary for the conduct of business. Indeed, petitioner testified that, with the exception of meals (unless client or staff related), he was reimbursed by Con Tex, Inc., for all expenses that "legitimately" contributed to its business.

Lastly, petitioner has not met the strict requirements of section 274(d) as to his claimed travel, entertainment, and meals expenses. Petitioner provided no evidence as to how much of his

claimed meals expense was reimbursable (i.e., client or staff related) and how much he actually paid out of his own pocket.

We accordingly hold that petitioners are not entitled to deduct business expenses in excess of the amount allowed by respondent.

Section 6651(a)(1) provides for an addition to tax of 5 percent per month for each month or part of a month for which a return is late, the aggregate not to exceed 25 percent.

A taxpayer has a nondelegable duty to file a timely return, but can avoid the addition to tax for failing to do so by affirmatively showing that the delinquency was due to reasonable cause and not due to willful neglect. Section 6651(a). The taxpayer bears the burden of proving both (1) that the failure did not result from willful neglect, and (2) that the failure was due to reasonable cause. United States v. Boyle, 469 U.S. 241, 245 (1985). If the taxpayer does not meet this twin burden, the imposition of the addition to tax is mandatory. Heman v. Commissioner, 32 T.C. 479 (1959), affd. 283 F.2d 227 (8th Cir. 1960).

Petitioners maintain that they should not be liable for the addition to tax under section 6651(a)(1) even though their return for the 1987 tax year (which was due on April 15, 1988) was not filed until June 2, 1993. Petitioner testified that, near the

time their 1987 return was due to be filed, he and his wife were moving to England. He stated that he turned over all of his records to his return preparer for his use in preparing the 1987 return. Petitioner also testified that his return preparer told him that petitioners did not owe any taxes for their 1987 tax year. The implication apparently intended by petitioner through his testimony regarding his return preparer appears to be that the filing delinquency was somehow the fault of the return preparer, and not petitioners'. Petitioner also testified that he did not recall telling the return preparer that he had earned any income from Con Tex, Inc. (the largest single source of petitioners' income for 1987).

As a matter of fact, petitioners have presented no evidence that their return was actually prepared by someone other than themselves. The return filed June 2, 1993, contains no signature other than those of petitioners and bears no indication that it was prepared by anyone other than them. But assuming, for the sake of argument, that petitioners' return was prepared by someone other than themselves, petitioners still have not met their burden of proof. Reliance on another to timely file a return is not reasonable cause for the delinquent filing of a return. Taxpayers still have a duty to ascertain and meet the statutory deadline, which petitioners have not done. United

States v. Boyle, supra; see also Radabaugh v. Commissioner, T.C. Memo. 1992-572; Massengill v. Commissioner, T.C. Memo. 1986-159. Even if petitioners were told by a return preparer that it was unnecessary to file a return, that would not excuse them from the late filing addition in the absence of proof that adequate disclosure of their income was made to the preparer.

We hold that petitioners are liable for the late filing addition to tax under section 6651(a)(1), the amount to be determined under Rule 155.

To reflect the foregoing,

Decision will be entered under Rule 155.